PER CURIAM.
Jarvis Crawford appeals the trial court’s summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In case no. 06-22516, on February 2, 1010, Crawford entered a plea of guilty to armed robbery with a firearm or deadly weapon and possession of a firearm by a convicted felon. On the same day, Crawford was sentenced to five years in prison, followed by seven years probation and two years community control. Crawford was sentenced as a habitual felony offender. He received 1303 days of credit for time served.
In case no. 06-25355, also on February 2, 2010, Crawford entered a plea of guilty to two counts of armed robbery with a firearm or deadly weapon and attempted armed robbery. On the same day, Crawford was sentenced to five years in prison on all three counts, to be served concurrently with the sentences imposed in case no. 06-22516. This prison sentence was followed by seven years probation and two years community control. Crawford was sentenced as a habitual felony offender.
The State claims that the sentence indicated that Crawford would be allowed a total of the specified time as credit for time served prior to the imposition of the sentence, but that the space provided to indicate the amount of credit for time served was left blank.
Crawford then filed his 3.800(a) motion for credit for time served, in which he claims that he is entitled to 1281 days credit for time served. The trial court summarily denied the motion. Crawford then filed this appeal.
Although the State claims that Crawford has received all the credit for time served to which he was entitled, nothing in the record before us reflects this. The post-conviction record before us does not conclusively refute Crawford’s allegation that he did not receive the correct credit for time served.
Accordingly, we reverse the summary denial of Crawford’s 3.800(a) motion. On remand, if the trial court again enters an order summarily denying the motion, the trial court shall attach written portions of the record conclusively refuting Crawford’s claim. See Fla. R. App. P. 9.141(b)(2)(D) (requiring reversal by this Court unless the record shows conclusively that the defendant is entitled to no relief).
Reversed and remanded.